## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MELISSA A. WILLIAMS,** | * |
| **Plaintiff,** | * |
| vs. | * Civil Action No. 13-00415-B |
| **CAROLYN W. COLVIN,** | * |
| **Commissioner of Social Security,** | * |
| **Defendant.** | * |

### ORDER

Plaintiff Melissa A. Williams (hereinafter "Plaintiff") brings this action seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. On May 1, 2014, the parties consented to have the undersigned conduct any and all proceedings in this case. (Doc. 17). Thus, the action was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Upon careful consideration of the administrative record and the memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner be **AFFIRMED**.

I.  **Procedural History**

Plaintiff protectively filed an application for a period of disability, disability insurance benefits, and supplemental security income on June 21, 2010. (Doc. 13 at 1; Tr. 154-61). Plaintiff alleges that she has been disabled since May 1, 2006 on account of her back pain. (Tr. 45, 158). Plaintiff's applications were denied and upon timely request, she was granted an administrative hearing before Administrative Law Katie H. Pierce (hereinafter "ALJ") on January 4, 2012. Plaintiff, her attorney and a vocational expert (hereinafter "VE") attended the hearing. (Id., at 39). On March 19, 2012, the ALJ issued an unfavorable decision finding that Plaintiff is not disabled. (Id., at 21-32). The Appeals Council denied Plaintiff's request for review on June 13, 2013. (Id., at 1-3). Thus, the ALJ's decision dated March 19, 2012 became the final decision of the Commissioner. The parties waived oral argument and agree that this case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (Docs. 16, 18).

II. **Issue on Appeal**

> **Whether the ALJ erred in concluding that Plaintiff can return to her past relevant work, without making specific findings regarding the physical and mental demands of the work, as required by SSR 82-62.**

**III. Factual Background**

Plaintiff was born on April 11, 1967, and was 44 years of age at the time of her administrative hearing on January 4, 2012. (Tr. 43). Plaintiff testified at the hearing that she completed 13 years of school and last worked as an operator at International Paper in 2006. (Id.). According to Plaintiff, prior to that job, she worked as a cashier at Andrews Hardware store checking out customers, stocking shelves with light bulbs, making orders and assisting customers. (Id., at 44).

Plaintiff testified that her main problem is pressure in her back that radiates down her legs, and causes a "nulling pain in her left leg". (Id., at 45-46). Additionally, Plaintiff testified that she suffers from headaches every day and that she has not found anything that relieves the headaches. (Id., at 46).

On Plaintiff's function report, she reported that her daily activities include taking care of her personal needs, including grooming, with assistance from her daughter, watching television, washing dishes, walking to the mailbox, sitting and talking with family, and sitting on the back porch watching her grandson play. (Id., at 202, 205). Plaintiff also reported that she prepares frozen dinners, heats her lunch, and makes sandwiches, and that she is able to do some shopping. With regard to social activities, Plaintiff reported that she goes to

3

church weekly and sings in the choir one Sunday a month, and that she sits with her grandchildren and talks on the phone. (Id., at 47, 206). Plaintiff further reported that she is able to lift "maybe 10 lbs" and walk 15-20 minutes at a time. (Id., at 207).

In addition to the foregoing facts, the ALJ discussed the medical evidence and made the following relevant findings:

> **The claimant has the following severe impairments: lumbar spondylosis; lumbar radiculitis; and migraine headaches (20 CFR 404.1520(c) and 416.920(c))[1].**
>
> The claimant also suffers from obesity. However, the medical evidence of record does not support a finding that this impairment causes more than a minimal limitation in the claimant's ability to perform basic work activities. Therefore, it is a non-severe impairment. Nevertheless, the undersigned considered this impairment when developing the residual functional capacity described below.
>
> ...

(Id., at 26-27). With respect to Plaintiff's RFC, the ALJ stated as follows:

> **After careful consideration of the entire record, the undersigned finds that the claimant has the residual capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the**

---

[1] The ALJ also determined that Plaintiff has not engaged in substantial gainful activity since May 1, 2006, and that she does not have an impairment or combination of impairments that meets or medically equals any of the listed impairments contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id., at 26, 27).

4

**claimant is limited to work which will require the claimant to: occasionally push/pull hand and foot controls; occasionally stoop, kneel, crouch, crawl, balance and climb ramps/stairs; never climb ladders/ropes/scaffolds; work in a well-ventilated area; have concentrated exposure of no more than 5 minutes to fumes, odors, gases and temperature extremes; never work around unprotected heights; and never operate dangerous equipment or automotive equipment.**

In making this finding, I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

…

In sum, the above residual functional capacity assessment is supported by the medical evidence of record, medical opinions as discussed above, the medical course of treatment established by the record, the claimant's activities of daily living, and the claimant's work history.

(Id., at 27-30).

After outlining Plaintiff's RFC assessment, the ALJ found Plaintiff capable of performing her past relevant work as a cashier. He explained as follows:

**The claimant is capable of performing past relevant work as a cashier (DOT Code 211.462-010). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).**

The vocational expert testified the claimant's past relevant work includes working as a cashier. He testified this is a light, semi-skilled occupation.

5

> The vocational expert testified a hypothetical individual with the claimant's vocational profile (i.e. same age, education, work experience, and residual functional capacity) would be able to perform the duties of this occupation.

(Id., at 30-31).

In addition to finding that Plaintiff is capable of performing her past relevant work as a cashier, the ALJ made alternative findings at step five. Relying on the VE's testimony, the ALJ concluded that considering Plaintiff's residual functional capacity for a reduced range of light work, as well as her age, education, and work experience, there are other jobs existing in the national economy that Plaintiff is able to perform, such as a companion, a teacher's aid, and a desk clerk. (Id., at 31-32). The ALJ thus concluded that Plaintiff is not disabled. (Id., at 32).

**IV. Analysis**

    **A.    Standard of Review**

In reviewing claims brought under the Act, this Court's role is a limited one. The Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct legal standards were applied.[2] Martin v. Sullivan, 894 F.2d 1520,

---

[2] This Court's review of the Commissioner's application of legal principles is plenary. Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

6

1529 (11th Cir. 1990). A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (holding substantial evidence is defined as "more than a scintilla, but less than a preponderance" and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable, as well as unfavorable, to the Commissioner's decision. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); Short v. Apfel, 1999 U.S. Dist. LEXIS 10163, *4 (S.D. Ala. June 14, 1999).

   B.  **Discussion**

An individual who applies for Social Security disability benefits must prove his or her disability. 20 C.F.R. §§ 404.1512, 416.912. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

7

months." 42 U.S.C. §§ 423(d)(1)(A); see also 20 C.F.R. §§ 404.1505(a), 416.905(a). The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven his disability.[3] 20 C.F.R. §§ 404.1520, 416.920.

In this case, Plaintiff asserts that the ALJ erred in summarily concluding that she can return to her past relevant work as a cashier without making any specific findings or analysis regarding the physical and mental demands of the work

---

[3] The claimant must first prove that he or she has not engaged in substantial gainful activity. The second step requires the claimant to prove that he or she has a severe impairment or combination of impairments. If, at the third step, the claimant proves that the impairment or combination of impairments meets or equals a listed impairment, then the claimant is automatically found disabled regardless of age, education, or work experience. If the claimant cannot prevail at the third step, he or she must proceed to the fourth step where the claimant must prove an inability to perform their past relevant work. Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. Id. Once a claimant meets this burden, it becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work history. Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985). If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability to perform those jobs in order to be found disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). See also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985)).

as required by SSR 82-62. (Doc. 13 at 2). Defendant contends that based on the ALJ's reference to the DOT's description of the demands of cashier work coupled with the ALJ's reference to the VE's testimony that a hypothetical person with Plaintiff's RFC can perform cashier work, the ALJ properly analyzed the job demands of the cashier work. (Doc. 14 at 6). The Court agrees.

A plaintiff bears the burden of showing that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the general economy. Waldrop v. Comm'r. of Soc. Sec., 379 F. App'x 948, 953 (11th Cir. 2010). Even though a plaintiff has the burden of showing she can no longer perform her past relevant work, the Commissioner has the obligation to develop a full and fair record. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). To develop a full and fair record, an ALJ must consider all of the duties of that past relevant work and evaluate a plaintiff's ability to perform the past relevant work in spite of the impairments. Levie v. Comm'r of Soc. Sec., 514 F. App'x 829, 831 (11th Cir. 2013) (citing Lucas v. Sullivan, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990).

SSR 82-62 requires the ALJ to make the "following specific findings of fact: 1. A finding of fact as to the individual's RFC. 2. A finding of fact as to the physical and mental demands of the past job/occupation. 3. A finding of fact that the

9

individual's RFC would permit a return to his or her past job or occupation." A plaintiff is the primary source for vocational documentation, and "statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." Id. As noted, the plaintiff must show that she is not "able to perform [her] past kind of work, not that [s]he merely [is] unable to perform a specific job [s]he held in the past." Douglas v. Comm'r of Soc. Sec., 486 F. App'x 72, 74 (11th Cir. 2012).

The undersigned notes, as a threshold matter, that Plaintiff has not pointed to anything in the record, which indicates that she cannot perform any of the requirements of the cashier job either as she performed it, or as it is being performed in the general economy. Nobles v. Astrue, 2009 U.S. Dist. LEXIS 9389 (M.D. Ala. Feb. 5, 2009) (where the claimant failed to identify any requirements of past relevant work that she was unable to perform, she did not meet burden of demonstrating an inability to return to her past relevant work). Moreover, the Court finds that the ALJ adequately explained her determination that Plaintiff could return to her previous work as a cashier. A review of the record reflects that Plaintiff herself provided the vocational documentation for the cashier position as required by SSR 82-62, through her submission of the

work history report, and in her testimony at the administrative hearing before the ALJ. (Tr. 43-44, 167, 170). Indeed, during the administrative hearing, Plaintiff testified that while employed at Andrews Hardware, she worked as a cashier and her duties included mainly checking out customers, stocking shelves with light bulbs, making orders, and assisting customers (Id., at 43-44). In her work history report, Plaintiff reported that her cashier work required her to lift up to 20-50 pounds, with frequent lifting of up to 10 pounds. (Id., at 170). This evidence clearly demonstrates that a description of Plaintiff's past work as a cashier was obtained from Plaintiff, just as the Social Security regulations allow. See SSR 82-62; 20 C.F.R. § 404.1560(b)(2) ("We will ask you for information about work you have done in the past.").

Additionally, the ALJ relied on the testimony of a VE, who had the benefit of both Plaintiff's testimony and her work history report, and opined that Plaintiff's RFC permitted her to return to her past relevant work as a cashier. (Tr. 55-56). The ALJ also referenced the DOT, which provides documentation on the skill level and exertional demands of cashier work. DOT Code 211.462-010.

The ALJ complied with the requirements of SSR 82-62 by determining Plaintiff's RFC based on Plaintiff's testimony and the medical evidence, obtaining a description of Plaintiff's

11

past work as a cashier from Plaintiff herself and other sources, and specifically finding that Plaintiff retains the RFC to meet the physical and mental demands of her past work. As noted, Plaintiff has failed to identify — much less show — which requirements of her past relevant work she is unable to perform. Accordingly, she has not met her burden to prove that she is disabled.

Furthermore, assuming *arguendo* that the ALJ erred by not providing a more exhaustive analysis of the demands of Plaintiff's past work, Plaintiff has nevertheless failed to prove that she is disabled. In her decision, the ALJ made alternative findings at step five. Relying on the testimony of the VE, the ALJ determined that Plaintiff retains the residual functional capacity to perform the light, un-skilled jobs of companion, teacher's aid, and desk clerk. (Tr. 57). In her brief, Plaintiff does not challenge the ALJ's RFC assessment of a reduced range of light work or her finding that there are other jobs in the national economy that she can perform with the RFC. Because the ALJ's findings are supported by substantial evidence of record, the Court must affirm the ALJ's decision denying Plaintiff's request for benefits, as the alleged error regarding SSR 82-62 would be harmless at best. Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) (when an ALJ's incorrect application of the regulations results in harmless

error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand).

**V.** **Conclusion**

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff's claim for a period of disability, disability insurance benefits, and supplemental security income be **AFFIRMED**.

**DONE** this **26th** day of **August, 2014.**

                                           /s/ SONJA F. BIVINS
                                        **UNITED STATES MAGISTRATE JUDGE**